UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARESE LOUISE ARNOLD,

        Petitioner,

Case No. 2:21-cv-10407

HONORABLE STEPHEN J. MURPHY, III

v.

JEREMY HOWARD,

        Respondent.

_____/

**OPINION AND ORDER**
**DISMISSING THE HABEAS CORPUS PETITION [1]**

Petitioner Charese Louise Arnold is an inmate at the Women's Huron Valley Correctional Facility who filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. ECF 1. Petitioner was convicted by a guilty plea of conspiracy to deliver cocaine or heroin in violation of Mich. Comp. Laws § 333.7401(2)(a)(ii). *Id.* at 1. She is serving a term of incarceration of fourteen to thirty-five years for the offense. *Id.* Petitioner challenges that sentence as disproportionate and unreasonable. *Id.* at 2.

The Court will deny the application for a writ of habeas corpus. And the Court will also deny Petitioner a certificate of appealability and leave to proceed in forma pauperis on appeal.

**BACKGROUND**

Petitioner pled guilty to a charge of conspiracy to deliver cocaine or heroin in excess of 450 grams but less than 1000 grams in violation of Mich. Comp. Laws §§ 333.7401(2)(a)(ii), 750.157a. *People v. Arnold*, No. 336817, 2018 WL 4957076, at *1 (Mich. Ct. App. Oct. 11, 2018). In exchange for her guilty plea, the prosecution

1

dismissed twelve other charges, including one for conspiracy to delivery 1,000 or more grams of heroin or cocaine in violation of Mich. Comp. Laws § 333.7401(2)(a)(i). *Id.* The prosecution also agreed to amend its fourth-offense habitual offender notice to a second-offense, Mich. Comp. Laws § 769.10. *Id.*

Petitioner raised one issue on direct appeal: whether her score calculated under the Michigan Sentencing Guidelines was correct, specifically the offense variable for aggravated controlled substance offenses, that is OV 15. *Id.* A divided Michigan Court of Appeals denied Petitioner leave to appeal "for lack of merit in the grounds presented." *People v. Arnold*, No. 336817 (Mich. Ct. App. May 11, 2017). The Michigan Supreme Court remanded Petitioner's case to the Court of Appeals "as on leave granted." *People v. Arnold*, 501 Mich. 940, 904 (2017).

On remand, the Michigan Court of Appeals concluded that Petitioner was entitled to a reduced score and remanded for resentencing. *Arnold*, 2018 WL 4957076, at *3. Petitioner's sentence was subsequently reduced from the original 20 to 35 years of incarceration to 14 to 35 years. ECF 1, PgID 1.

Following resentencing, Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, but this application was denied "for lack of merit in the grounds presented." *People v. Arnold*, No. 349744 (Mich. Ct. App. Aug. 21, 2019). The Michigan Supreme Court also denied leave in a standard form order. *People v. Arnold*, 505 Mich. 947 (2020) (Mem).

In her applications for leave to appeal after resentencing, Petitioner raised a single issue—the same claim for which she now seeks habeas relief:

2

> Petitioner's Sentence Was Disproportionate and Unreasonable Where the Trial Court Sentenced [Petitioner] 33 Months Above The Low End Minimum Of The Sentencing Guideline And Failed To Take Into Account Significant Mitigating Factors, Failed To Tailor The Sentence To The Individual Offender, And Failed To Justify The Sentence With Appropriate Factors.

ECF 1, PgID 5, 17.

## LEGAL STANDARD

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing *Rule 4 Governing Section 2254 Proceedings for the United States District Courts*). "The rules governing § 2254 cases provide that the court shall promptly examine a petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (quoting *Rule 4 Governing Section 2254 Proceedings for the United States District Courts*). After conducting this initial inquiry, "[i]f the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition." *Id.* (citing *McFarland*, 512 U.S. at 856). Federal courts therefore have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face" including a petition that is "frivolous, or obviously lacking in merit[.]" *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). No response to a habeas petition is necessary where the facts can be determined from the petition itself. *Id.*

After undertaking the review required by Rule 4, the Court concludes that Petitioner's claim does not entitle her to habeas relief, and the petition must be

3

summarily denied. *See McIntosh v. Booker*, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

## DISCUSSION

I.  Section 2254 Petition

Petitioner argues that her sentence was disproportionate and unreasonable because the trial court sentenced her to a minimum term that was thirty-three months above the low end of the Michigan Sentencing Guidelines. ECF 1, PgID 5. Her claim is based, in part, on the Michigan court's failure to consider significant mitigating factors, to tailor the sentence to her individually, and to justify the sentence appropriately. *Id.* at 17.

A claim the trial court violated state law when it sentenced a petitioner is not cognizable in a federal habeas corpus proceeding. *Baker v. Barrett*, 16 F. Supp. 3d 815, 837 (E.D. Mich. 2014) (citing *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). This includes challenges based on a state trial court's departure from the sentencing guidelines range. *Id.*

Unlike most sentencing guidelines claims, Petitioner's claim is *not* that the trial court exceeded the sentencing guidelines range, but instead, that it sentenced her above the low end of the range. ECF 1, PgID 1. After the Michigan Court of Appeals agreed that Petitioner's initial Sentencing Guidelines recommendations were incorrectly calculated, a new recommended range was calculated to be 135 to 281 months of imprisonment. *Arnold*, 2018 WL 4957076, at *3. Following resentencing, Petitioner's minimum sentence was fourteen years or 168 months. 168

4

months is well within the Guidelines range, and in fact, is within the lower half of that range.

Generally, "a federal court will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). A habeas petitioner arguing a sentence is unjustified or disproportionate must "show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002) (citing *Haynes*, 825 F.2d at 923). This is so because "[a] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Moore*, 643 F.3d 451, 455 (6th Cir. 2011) (quoting *United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003)).

Petitioner's sentence is both within the statutory maximum set by the Michigan statutory sentencing scheme and is not arbitrary or shocking. The statutes governing a conviction for conspiracy to deliver 450 or more but less than 1,000 grams of heroin or cocaine authorize a maximum sentence of thirty years or 360 months. Mich. Comp. Laws §§ 750.157a; 333.7401(2)(a)(ii). And Petitioner was sentenced as a second-offense habitual offender, which permits the trial court to impose a maximum sentence that is one and a half times higher than that authorized for a first offense, up to 540 months of imprisonment in this case. *See* Mich. Comp. Laws § 769.10. Thus, the Michigan state laws and Sentencing Guidelines would have permitted a sentence

5

of over twenty-three years to a maximum of forty-five years, or 276 months to 540 months. The sentence of fourteen to thirty-five years is well within the authorized range.

Turning to Petitioner's remaining claims—that her sentence is unreasonable, that the trial court failed to individualize and justify the sentence it imposed, and that the trial court failed to consider significant mitigating factors—habeas relief is unavailable. "The Supreme Court has determined that strict proportionality between a crime and its punishment is not required." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000) (citing *Harmelin v. Michigan*, 501 U.S. 957, 959–960 (1991)). The Supreme Court in *Harmelin* upheld a Michigan law which imposed a sentence of life without parole for possession of more than 650 grams of cocaine. *Id.* Applying this "narrow proportionality principle," the Sixth Circuit holds that "only an extreme disparity between crime and sentence offends the Eighth Amendment." *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (citing *Marks*, 209 F.3d at 583). And Petitioner's sentence does not demonstrate such an "extreme disparity."

In pleading guilty to conspiracy to delivery between 450 and 1000 grams of heroin or cocaine, Petitioner admitted to running a drug-trafficking operation which distributed drugs across Michigan from Detroit to Traverse City. *Arnold*, 2018 WL 4957076, at *1. And Sixth Circuit precedent has continued to rely on the Supreme Court's decision in *Harmelin* in which a life sentence for simple possession of 650 grams of cocaine—an approximately equivalent amount that Petitioner was convicted of distributing—did not violate the Eighth Amendment. *See e.g.*, *United States v.*

*Sherrill*, 972 F.3d 752, 772 (6th Cir. 2020). Petitioner is not entitled to habeas corpus relief.

II.  Certificate of Appealability and In Forma Pauperis on Appeal

To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To do so, the applicant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rule 11(a) Governing Section 2254 Proceedings for the United States District Courts*; *see also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). Leave to proceed in forma pauperis on appeal will also be denied, because an appeal of this order cannot be taken in good faith.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Petition for a Writ of Habeas Corpus [1] is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal in forma pauperis.

**SO ORDERED.**

                      s/ Stephen J. Murphy, III
                      STEPHEN J. MURPHY, III
                      United States District Judge

Dated: March 31, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2021, by electronic and/or ordinary mail.

                      s/ David P. Parker
                      Case Manager